NUMBER 13-09-00274-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

EX
PARTE JERRY LEE ALVAREZ

  

                                                                                                                     
  

 

On appeal from the 319th
District Court 

of Nueces County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Justices Garza,
Vela, and Perkes   

Memorandum Opinion by
Justice Perkes  

            

Appellant,
Jerry Lee Alvarez, appeals his conviction of one count of burglary of a
habitation, a first-degree felony.  See Tex. Penal Code Ann. § 30.02 (West 2010). Pursuant to a
judicial confession and stipulation, appellant pleaded guilty to one count of
burglary of a habitation, and pleaded true to an enhancement paragraph
regarding a prior conviction of burglary of a habitation. The trial court
sentenced appellant to a fifty-year term of confinement in the Texas Department
of Criminal Justice, Institutional Division.   Appellant filed a notice of
appeal[1],
and as discussed below, his court-appointed counsel filed an Anders brief. 
We affirm.

I.      Anders
Brief

Pursuant to Anders v. California,
386 U.S. 738, 744 (1967), appellant’s court-appointed appellate counsel filed a
brief and a motion to withdraw with this Court, stating that his review of the
record yielded no grounds of error upon which an appeal can be predicated. 
Counsel’s brief meets the requirements of Anders as it presents a
professional evaluation demonstrating why there are no arguable grounds to
advance on appeal.  See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex.
Crim. App. 2008) (“In Texas, an Anders brief need not specifically
advance ‘arguable’ points of error if counsel finds none, but it must provide
record references to the facts and procedural history and set out pertinent
legal authorities.”) (citing Hawkins v. State, 112 S.W.3d 340, 343-44
(Tex. App.—Corpus Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d
503, 510 n.3 (Tex. Crim. App. 1991).

            In compliance with High v. State, 573
S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant’s counsel
carefully discussed why, under controlling authority, there are no reversible errors
in the trial court’s judgment.  Counsel has informed this Court that he has:
(1) examined the record and found no arguable grounds to advance on appeal, (2)
served a copy of the brief and counsel’s motion to withdraw on appellant, and
(3) informed appellant of his right to review the record and to file a pro se
response.[2] 
See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see
also In re Schulman, 252 S.W.3d at 409 n.23.  More than an adequate period
of time has passed and appellant has not filed a pro se response.  See In re
Schulman, 252 S.W.3d at 409.

II.   
 INDEPENDENT REVIEW

            Upon receiving an Anders brief, we
must conduct a full examination of all the proceedings to determine whether the
case is wholly frivolous.  Penson v. Ohio, 488 U.S. 75, 80 (1988).  We
have reviewed the entire record and counsel’s brief, and have found nothing
that would arguably support an appeal.  See Bledsoe
v. State, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005)
(“Due to the nature of Anders briefs, by indicating in the opinion that
it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of
Texas Rule of Appellate Procedure 47.1.”); Stafford, 813 S.W.2d at 509. 
There is no reversible error in the record.  Accordingly, the judgment of the
trial court is affirmed.

III.  MOTION TO WITHDRAW

            In accordance with Anders, appellant’s
attorney[3]
asked this Court for permission to withdraw as counsel for appellant.  See
Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d at 408
n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas
1995, no pet.)  (noting that “[i]f an attorney believes the appeal is
frivolous, he must withdraw from representing the appellant.  To withdraw from
representation, the appointed attorney must file a motion to withdraw
accompanied by a brief showing the appellate court that the appeal is
frivolous”) (citations omitted)).  We grant counsel’s motion to withdraw. 
Within five days of the date of this Court’s opinion, counsel is ordered to
send a copy of this opinion and this Court’s judgment to appellant and to
advise him of his right to file a petition for discretionary review.[4] 
See Tex. R. App. P. 48.4; see
also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206
S.W.3d 670, 673 (Tex. Crim. App. 2006).

 

                                                                                                                                                                                                                                                                                    

                                                                                         Gregory
T. Perkes

                                                                                         Justice

 

 

Do not publish.  Tex. R. App. P. 47.2(b).

 

Delivered and filed the


5th day of May, 2011.










[1] The Texas Court of Criminal Appeals heard
the matter upon an Application for Writ of Habeas Corpus and granted an out-of-
time appeal, thereby allowing appellant to pursue this appeal.  Ex Parte
Jerry Lee Alvarez, CCRA No. AP-76,127 (Tex. Crim. App., April 30, 2009). 





[2]  The Texas Court of Criminal Appeals
has held that “the pro se response need not comply with the rules of appellate
procedure in order to be considered.  Rather, the response should identify for
the court those issues which the indigent appellant believes the court should
consider in deciding whether the case presents any meritorious issues.” In
re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim.
App. 2008) (quoting Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.--Waco
1997, no pet.)).





[3]  At the inception of this appeal,
appellant was represented by the Honorable Rick Holstein.  After Holstein filed
a motion to withdraw as appellant’s counsel, appellant filed a motion for
extension of time to file a pro se brief, which was granted on February 10,
2011, and allowed appellant thirty days in which to file a brief.  To date, no
brief has been filed. 





[4]  No substitute counsel will be
appointed.  Should appellant wish to seek further review of this case by the
Texas Court of Criminal Appeals, he must either retain an attorney to file a
petition for discretionary review or file a pro se petition for discretionary
review.  Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this Court.  See Tex.
R. App. P. 68.2.  Any petition for discretionary review must be filed
with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals.  See Tex. R.
App. P. 68.3, 68.7.  Any petition for discretionary review should comply
with the requirements of Texas Rule of Appellate Procedure 68.4.  See Tex. R. App. P. 68.4.